Kellar Kellar, Esqs. Town of Esopus
A water district in your town desires to sell two parcels of land that are not needed for purposes of the district. Since there are two procedures for the sale of improvement district real property, you ask which applies in this case.
Section 198(12)(a) of the Town Law authorizes an improvement district to sell or lease real or personal property not required for district purposes. In the event that the property to be sold or leased has a value in excess of $1,000, a public hearing is required (ibid.). Section198(12)(b) of the Town Law authorizes an improvement district to sell all or any part of the "property and facilities" of the improvement district to a county, city, village, town, public authority, town on behalf of an improvement district, county on behalf of a county district or to a joint waterworks system established under Article 5-B of the General Municipal Law. Such a sale must be approved by a majority of the qualified electors of the district. This section further specifies terms of sale and the use of the proceeds.
We believe that the distinction between the two provisions is that section 198(12)(a) applies to a sale of unneeded real or personal property of an improvement district, whereas section 198(12)(b) applies to a sale of all or any part of the "property and facilities" of an improvement district. Therefore, if an improvement district desires to sell unneeded real property having no facilities or improvements thereon, it should follow the procedure of section 198(12)(a). On the other hand, if real property and facilities are to be sold, the provisions of section 198(12)(b) must be followed, necessitating a referendum.
We believe the legislative history supports these conclusions. Section 198(12)(a) derives from chapter 365 of the Laws of 1940. This chapter provided the authorization for the sale or lease of unneeded district property and is similar in terms to current section 198(12)(a).
Section 198(12)(b) derives from chapter 269 of the Laws of 1954. It authorized the town board to sell or lease all or any part of "the water supply and distribution system" of a water district or of a town water storage and distribution district to various entities. It is important to note that this authorization was for the sale of facilities. The bill jacket indicates that this proposal was prompted by an oversight in former Article 5-B of the General Municipal Law, which authorized municipalities to provide water on a cooperative basis (March 16, 1954 letter from Francis Donovan, County Officers Association to George M. Shapiro, counsel to the Governor). Article 5-B was incomplete in that it failed to provide "for the sale or conveyance of existing waterfacilities owned by the participants in the joint operation" (emphasis supplied; ibid.; see also March 22, 1954 memorandum from William J. Embler, Deputy Comptroller, Department of Audit and Control, to Governor Dewey).
In 1973 (ch 326), section 198(12)(b) was amended to incorporate the present language authorizing any improvement district to sell its property and facilities to an expanded list of entities. The bill jacket indicates that the legislative intent was to authorize any improvement district to sell or lease any improvements or facilities to other public entities (May 14, 1973 memorandum from Alfred W. Haight, First Deputy Comptroller to Michael Whiteman, counsel to the Governor; March 7, 1973 memorandum from the Office for Local Government to Michael Whiteman, counsel to the Governor).
From the legislative history and language of current section 198(12)(b), we believe it is clear that the procedure therein was intended to apply to a sale or lease of district real property having facilities or improvements thereon.
We conclude that a town water district may sell unneeded real property having no facilities or improvements thereon in accordance with the procedure in section 198(12)(a) of the Town Law. Real property with facilities must be sold in accordance with section 198(12)(b) of the Town Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.